IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CR-00404-M

UNITED STATES OF AMERICA

v.                                                    ORDER

HARELL LENEAR JAMISON

This matter comes before the court on Defendant's second *pro se* motion requesting early termination of supervised release [DE 33]. On August 22, 2022, following an early guilty plea to one count of abusive sexual contact under 18 U.S.C. § 2244(b), this court sentenced Defendant to one year and one day of imprisonment followed by five years of supervised release, DE 29 at 2-3. Defendant's term of supervision began on August 24, 2023, and will expire on August 23, 2028. DE 34-1 at 1. Defendant previously moved for early termination, and the court denied that motion without prejudice. DE 35. Defendant again requests early termination, having now completed two and a half years of supervised release, citing his rehabilitation, transformation into a positive role model, and desire to more freely travel. DE 37 at 1–3.

This court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). In making that determination, the court must consider (among other factors) the nature and circumstances of the offense, and the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *Id.*; *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

The court finds that termination of supervised release is not warranted. The court applauds Defendant for his efforts at rehabilitation and his compliance with the terms of supervised release. But "[o]ne of the purposes of supervised release is to provide rehabilitation," *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010), and "full compliance with the terms of supervised release is . . . expected . . . under the magnifying glass of supervised release and does not warrant early termination," *Smith v. United States*, No. 2:16-CR-51, 2023 WL 8586680, at *7 (E.D. Va. Dec. 11, 2023). Defendant's rehabilitation on release suggests that supervision is operating as intended. That process should not be truncated merely because it is working.

The court further finds that the Section 3553(a) factors do not support early termination. The nature and circumstances of the offense were serious; Defendant abused a position of trust and authority to engage in nonconsensual sexual contact with a vulnerable victim. DE 22 at 3-4. Continued supervision is necessary to reflect the seriousness of that offense, to deter Defendant from further criminal conduct, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). Early termination of supervision would not be in "interest of justice." 18 U.S.C. § 3583(e). Defendant's motion is DENIED.

However, the court advises Defendant that to the extent his issues with supervised release are an inability to travel for work or his children's sporting events, the court anticipates those issues can be resolved by the consent of the United States Probation Office. The court does not intend for supervised release to prevent gainful employment or interfere with parenting.

SO ORDERED this ____8th____ day of April, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE